UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD CLAYTON, | Case No. 1:19-cv-00284-DAD-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | |
| G. PUENTES, | OBJECTIONS DUE IN THIRTY DAYS |
| Respondent. | ECF No. 11 |

Petitioner Harold Clayton, a federal prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner claims that the Bureau of Prisons ("BOP") has wrongfully withheld from him: (1) up to 15 days of certain incentive time credits per 30 days of prison service; (2) 54 days of good time credit ("GTC") per year of incarceration; and (3) placement in home confinement. *Id*. at 2-4. On March 23, 2020, respondent moved to dismiss the petition for lack of standing, ripeness, and jurisdiction, and for mootness and failure to exhaust administrative remedies. ECF No. 11 at 1. Petitioner has not responded to respondent's motion to dismiss and the time for doing so has passed.[1] For the reasons stated below, we recommend that respondent's motion to dismiss be granted.

---

[1] On February 12, 2020, mail directed to petitioner was returned to the court as undeliverable. Under Local Rule 183(b), petitioner's notice of change of address was due on April 22, 2020. Because petitioner has not updated his address with the court and the time for doing so has

1

**I.    Background**

In 1999, before the U.S. District Court for the Eastern District of Oklahoma, petitioner pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, conspiracy to launder illicit drug trafficking proceeds, and illicit VIN removal. ECF No. 11 at 2. He was sentenced to 324 months in prison. *Id*. On February 8, 2019, petitioner requested early release, in accordance with the First Step Act ("FSA") and Second Chance Act ("SCA").[2] ECF No. 1 at 10. On February 12, 2019, the prison responded to petitioner, stating only that the prison had yet to receive any guidance from BOP on implementation of FSA. *Id*. Petitioner sought no additional administrative review of his request, but rather filed the instant federal habeas petition on March 1, 2019. ECF No. 11-1 at 4-5. On August 2, 2019, petitioner's GTC was recalculated in accordance with FSA, providing him with 1,431 earned and projected days of GTC.[3] *Id*. at 8. On August 5, 2019, the BOP transferred petitioner to home confinement. *Id*. at 3. Ultimately, he reached home confinement earlier than had been projected. ECF No. 11 at 8.

**II.   Discussion**

    **A.    Standard of Review**

No habeas rule explicitly applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). Following an approach frequently taken by other courts in this district, we find that Rule 4 of the Rules Governing Section 2254 Cases provides the most appropriate analytical framework for this motion to dismiss, which asserts untimeliness as a basis for dismissal. *See, e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB, 2017 U.S. Dist. Lexis 85123 at

---

passed, his petition may be dismissed without prejudice for failure to prosecute. *See* Local Rule 183(b).

[2] The First Step Act of 2018, which amended 18 U.S.C. § 3624(b)(1), requires BOP to permit federal prisoners to earn up to 54 days GTC per year of incarceration. *See Bottinelli v. Salazar*, 929 F.3d 1196, 1197 (9th Cir. 2019). Previously, the BOP used a calculation that only allowed for 47 days of GTC per year. *Id*. The Second Chance of 2007 established the Elderly Offenders Pilot Program, which allows certain prisoners over the age of 60 to be released to home detention. *See* 34 U.S.C. § 60541(g).

[3] Petitioner's 1,431 GTC days reflect GTC disallowance. *See* ECF No. 11-1 at 8.

*4 (E.D. Cal. June 2, 2017). Rule 4 establishes what is commonly known as a "screening" procedure for habeas petitions. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 269 n.14 (1978); Fed. R. Civ. P. 81(a)(4)(A). It limits our consideration to "the petition and any attached exhibits"—somewhat like the limitation to the pleadings that would apply to a motion to dismiss for untimeliness outside the habeas context under Federal Rule of Civil Procedure 12(b)(6) or 12(c).[4] Under Rule 4, we evaluate whether it "plainly appears" that the petitioner is not entitled to relief—and if so we dismiss the petition.

### B. Mootness

The "case-or-controversy requirement of Article III, § 2, of the Constitution subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal quotations omitted). Therefore, throughout civil proceedings, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* at 477. "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

Here, petitioner sought a court order requiring BOP to recalculate his incentive credits and GTC in accordance with the FSA. ECF No. 1 at 2-3. Respondent has submitted proof that petitioner's GTC was adjusted in accordance with the FSA, which resulted in petitioner being awarded 54 days of GTC per year of his sentence, adjusted for GTC disallowance. ECF No. 11-1 at 8. Petitioner also sought his release to home confinement. ECF No. 1 at 4. Respondent has

---

[4] *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Farr v. United States*, 990 F.2d 451, 454 (9th Cir. 1993); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

submitted proof that petitioner was released to home confinement last year.[5] ECF No. 11-1 at 3. Because the relief petitioner sought has already been granted to him, he has stated no injury that could be redressed by this court and his petition is moot. *See Lewis*, 494 U.S. at 477. Therefore, it plainly appears that the petitioner is not entitled to relief and we recommend dismissal.[6]

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the Court decline to issue a certificate of appealability.

### IV. Findings and Recommendations

For the foregoing reasons, we recommend that the court grant defendant's motion to dismiss, ECF No. 11, dismiss the case, and decline to issue a certificate of appealability. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and

---

[5] Additionally, we have reviewed BOP's inmate locator listing for the petitioner and take judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* Federal Bureau of Prisons Find an Inmate, https://www.bop.gov/inmateloc/ (search "Find by Name" for "Harold Clayton"). The petitioner is under the supervision of the residential reentry management field office in Sacramento, California.

[6] Accordingly, we decline to analyze the additional bases for dismissal asserted by respondent.

recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    May 26, 2020                /s/ Jeremy Peterson
                                                   UNITED STATES MAGISTRATE JUDGE

No. 206.