UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD CLAYTON,<br><br>          Petitioner,<br><br>     v.<br><br>G. PUENTES,<br><br>          Respondent. | No.  1:19-cv-00284-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 11, 12) |

Petitioner Harold Clayton is a federal prisoner proceeding *pro se* and proceeding on a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 23, 2020, respondent moved to dismiss the petition "for lack of Article III standing, ripeness, mootness, failure to exhaust administrative remedies, and statutorily for lack of jurisdiction."  (Doc. No. 11 at 1.)  Petitioner did not file an opposition to that motion.  On May 27, 2020, the assigned magistrate judge issued findings and recommendations, recommending that the court grant respondent's motion to dismiss.  (Doc. No. 12.)  The findings and recommendations were served on all parties and contained notice that any objections thereto were

/////

/////

1

to be filed within thirty (30) days from the date of service of the order.[1] (*Id*. at 4–5.) No objections have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendation are supported by the record and proper analysis.

Additionally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] On January 22, 2020, the court issued an order requiring a response from respondent to the petition and served that order on petitioner by mail at his address of record. (Doc. No. 9.) On February 10, 2020, that order was returned to the court by the U.S. Postal Service as "Undeliverable, Inmate No Longer at this Institution." The court issued a standing order on February 4, 2020 and again served it by mail on petitioner and the order was returned to the court on February 12, 2020 as "Undeliverable, No Longer at Institution. (Doc. No. 10.) Finally, the May 27, 2020 findings and recommendations were again served on petitioner by mail and returned to the court on June 2, 2020 as "Undeliverable, RTS, Not Deliverable as Addressed, Unable to Forward." (Doc. No. 12.) Local Rule 183(b) provides that

> [a] party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

The court notes that it has been over sixty-three days since the service attempted on February 12, 2020, and petitioner has not notified the court of a change of his address of record as required.

In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further.  Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendation issued on May 27, 2020 (Doc. No. 12) are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 11) is granted;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
4. The Clerk of the Court is directed to enter judgment and close this case; and
5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **July 18, 2020**                             /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE